KAMALEDDIN ABDOLRAHIMI
MARY VOSOUGHI
7153 AVIARA DRIVE
CARLSBAD, CA 92011
Tel: (909) 709-8889

Pro se Defendants

FILED

2018 NOV 30  PM 3: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA

BY___

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD<br><br>      Plaintiff,<br><br>vs.<br><br>Paco's Tacos, a business of unknown form; Kamaleddin Abdolrahimi and Mary Vosoughi, as individuals and as husband and wife as joint tenants, a California limited liability company<br>      Defendants. | **CASE NO**. 5:18-CV-02037-AB-SP<br><br>**DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, PRAYER FOR RELIEF, AND DEMAND FOR JURY TRIAL; COUNTERCLAIM FOR DECLARATORY RELIEF, INJUNCTION AND DAMAGES PURSUANT TO THE RACKETEER INFLUENCED AND CORRUPT PRACTICES ACT**<br><br>18 U.S.C. §§ 1962 (c) and (d), 1964 (a) and (c), 1341 and 1343 |

## ANSWER

Pro se Defendants hereby answer the Complaint of Plaintiff (the "Complaint").

## I. SUMMARY

1. Defendants admit that Paco's Tacos is located at 1689 Kendall Drive, Suite I, San Bernardino, CA 92407. The remaining allegations in the complaint state a legal conclusion to which no

response is required. To the extent a response is required to the remaining allegations, Defendant

denies them.

2. Defendants (Kamaleddin Abdolrahimi and Mary Vosoughi), admit that, as individuals, they own

the Property located at 1689 Kendall Dr. San Bernardino, CA 92407 ("Property") currently.

3. Defendants deny that they own the Property as a California limited liability company, or

organization or entity.

4. Defendants deny that Plaintiff is entitled to damages, injunctive and declaratory relief, attorney

fees and costs. To the extent that Plaintiff states a legal conclusion in the complaint, no response is

required. The remaining allegations are denied.

## II. FACTS

5. Defendants admit that the Property is open to the public and operated for commercial purpose,

and not intended for residential use. To the extent a response is required to the remaining

allegations, Defendant denies them.

6. Defendants argues that Plaintiff's claims that the Property was designed in violation of the ADA

or Title 24 are barred because the Property was designed and constructed in 1989, which is prior to

the effective date of the ADA, Title 24, or their regulations or California Civil Code Sections 51

and 54, et. seq.

7. Defendants are informed and believe, and thereon allege, that Plaintiff has used the Americans

with Disabilities Act, Title III ("ADA") to institute actions based on false allegations of disability,

injury, and standing to collect quick settlements from California businesses and citizens.

8. Defendants are informed and believe, and thereon allege that Plaintiff has perverted the ADA to

make money at the expense of California businesses and citizens, most of whom are small business

owners and immigrants to this country and cannot afford legal representation.

9. Defendants are informed and believe, and thereon allege that for most businesses and business owners sued by Plaintiff, it is cheaper to settle than to litigate the merits of the action.

10. Defendants are informed and believe, and thereon allege that knowing the propensity of small "mom-and-pop" establishments to settle cases early to avoid distraction to their business and costly litigation, Plaintiff has perverted the purpose of the ADA and related state laws for his own greed and financial gain.

11. Defendants are informed and believe, and thereon allege that the Plaintiff visited the Property for the sole purpose to initiate this lawsuit for his own greed and financial gain.

12. Defendants are informed and believe, and thereon allege that the Plaintiff additionally sued the Quality Inn Hotel in Temecula, California, which is over 50 miles apart from the Property, and on the same date he filed this lawsuit against us.  That case number is: 5:18-cv-02040-FMO-SP.

13. Defendants are informed and believe, and thereon allege that the Plaintiff and his wife, Mary Rutherford, are residents of Howell, Michigan, and have filed numerous similar lawsuits across the country, including against the city of Howell, Michigan, and have made false assertions regarding allegations of disabilities, visits to establishments, encounter of barriers, and showing no intent to return.

14. Defendants are informed and believe, and thereon allege that the Plaintiff still retains Michigan residency and has a Michigan Driver's License.

15. Defendants are informed and believe, and thereon allege that the lawsuits initiated by the Plaintiff are frivolous and vexatious because of false assertions regarding allegations of disabilities, visits to establishments, encounter of barriers, and intent to return.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Defendant pleads the following affirmative defenses.

## AFFIRMATIVE DEFENSE NO. 1

### Service of Summons and Complaint Was Not Correct As Required By Law

16. I did not receive a copy of the summons or complaint.

### Failure to State a Claim

17. The Complaint and each and every claim therein fails to state a claim against Defendant upon which relief can be granted.

## AFFIRMATIVE DEFENSE NO. 2

### Failure to State Sufficient Facts

18. The Complaint and each and every claim therein fails to state facts sufficient to constitute a claim for relief against Defendant.

## AFFIRMATIVE DEFENSE NO. 3

### Lack of Standing

19. Plaintiff lacks standing to sue for each cause of action in the Complaint.

## AFFIRMATIVE DEFENSE NO. 4

### Waiver

20. The Complaint and each and every claim therein is barred by the doctrine of waiver.

## AFFIRMATIVE DEFENSE NO. 5

### Unclean Hands

21. Plaintiff has unclean hands in that he did not complain at the time of his alleged visit to the restaurant for the supposed interference with his use and enjoyment of the premises and files this action only for the purpose obtaining statutory fines and attorney's fees.

## AFFIRMATIVE DEFENSE NO. 6

**Lack of Standing/Not a Bona Fide Patron**

22. Plaintiff lacks standing to challenge barriers in the restaurant or Property he did not visit prior to the filing of the initial Complaint.

**AFFIRMATIVE DEFENSE NO. 7**

**Lack of Standing/No Likelihood of Future Harm**

23. Plaintiff lacks standing because of his inability to show likelihood of future harm.

**AFFIRMATIVE DEFENSE NO. 8**

**Mootness**

24. Plaintiff's claims are moot in that all potential barriers have been or will be remedied.

**AFFIRMATIVE DEFENSE NO. 9**

**No Barriers to Use and Enjoyment**

25. Plaintiff did not encounter any barriers to access that unreasonably interfered with his use and enjoyment of the premises.

**AFFIRMATIVE DEFENSE NO. 10**

**Equivalent Facilities Provided**

26. Plaintiff's claims are barred because, with respect to any particular architectural element that departs from accessibility guidelines, Defendants have provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to, and usability of, the facility.

**AFFIRMATIVE DEFENSE NO. 11**

**Safe Harbor for Pre-existing Buildings under the ADA, Title 24 and California Civil Code Sections 51 and 54**

27. Plaintiff's claims that the restaurant was designed in violation of the ADA or Title 24 are barred to the extent the restaurant and Property was designed and constructed prior to the effective date of the ADA, Title 24, or their regulations or California Civil Code Sections 51 and 54, et. seq.

## AFFIRMATIVE DEFENSE NO. 12

### Safe Harbor for Pre-existing Buildings under the Health and Safety Code Sections 19955 and 19956 et. seq.

28. Plaintiff's claims that the restaurant and Property was designed in violation of the Health and Safety Code do not apply since the subject premises was constructed prior to the enactment of these statutes.

## AFFIRMATIVE DEFENSE NO. 13

### Good Faith Performance

29. Defendant has made good faith efforts to comply with the ADA, the Unruh Act, and the California Disabled Persons Act, including providing appropriate alternative access.

## AFFIRMATIVE DEFENSE NO. 14

### Equity

30. At all relevant times, Defendant did equity, and acted in good faith.

## AFFIRMATIVE DEFENSE NO. 15

### Failure to Mitigate

31. Plaintiff has failed to mitigate, limit, or avoid his damages, if any. Defendants are entitled to have sums to which Plaintiff may be entitled to, if any, reduced by the amount Plaintiff could reasonably have been able to mitigate, minimize, or avoid.

## AFFIRMATIVE DEFENSE NO. 16

### Lack of Injury

DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, PRAYER FOR RELIEF, AND DEMAND FOR JURY TRIAL; COUNTERCLAIM FOR DECLARATORY RELIEF, INJUNCTION AND DAMAGES PURSUANT TO THE RACKETEER INFLUENCED AND CORRUPT PRACTICES ACT

6

32. Plaintiff has suffered no injury in fact.

## AFFIRMATIVE DEFENSE NO. 17

### Reliance on Local Government Permits

33. The Complaint and each cause of action alleged therein are barred by reason of Defendants' good faith reliance upon the permissible, reasonable interpretation of the applicable access codes by local government building authorities and the issuance of appropriate building permits and/or exemptions and/or waivers.

## AFFIRMATIVE DEFENSE NO. 18

### Excessive Fines

34. The imposition of statutory minimum damages in this matter would violate Defendants' Eighth Amendment protection against excessive fines in violation of the California Constitution and the United States Constitution.

## AFFIRMATIVE DEFENSE NO. 19

### Unjust Enrichment

35. Plaintiff's claims would result in Plaintiff receiving more value than to which he is entitled.

## AFFIRMATIVE DEFENSE NO. 20

### Additional Defenses

36. As a separate affirmative defense to each and every claim alleged against Defendants, Defendants presently have insufficient knowledge or information for which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendants reserve herein the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

## DEFENDANTS' PRAYER FOR RELIEF

1. That Plaintiff take nothing by way of the Complaint and each claim for relief therein;

2. That judgment be rendered in favor of Defendants and the Complaint be dismissed with prejudice;

3. That Defendants be awarded their costs of suit and attorney's fees in defense of this action; and

4. For such other and further relief as the Court deems fair and equitable.

## JURY DEMAND

Defendants hereby demand a trial by jury as to each and every cause of action in the Complaint.

## COUNTERCLAIM

1. Defendants (Kamaleddin Abdolrahimi and Mary Vosoughi) hereby assert the following counterclaim against Plaintiff, Attorneys for the Plaintiff, (collectively referred to herein as "Attorneys for the Plaintiff"): Joseph R. Manning, Jr., Esq. (State Bar No. 223381); Michael J. Manning, Esq. (State Bar No. 286879); Craig G. Côté, Esq. (State Bar No. 132885); and Plaintiff Law Firm, Manning Law, APC (collectively referred to herein as "Plaintiffs").

## JURISDICTION AND VENUE

2. The sole claim for relief in the Counterclaim arises under the Racketeering and Corrupt Practices Act, 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), 1964 (a) and (c), 1341 and 1343. This Court has original subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

3. The Court has personal jurisdiction over all Attorneys for the Plaintiff because: (a) Attorneys for the Plaintiff, Joseph R. Manning, Jr., Esq. (State Bar No. 223381); Michael J. Manning, Esq. (State

Bar No. 286879); Craig G. Côté, Esq., all reside and work in California and (b) Plaintiff's Law Firm, Manning Law, APC, is located at 4667 MacArthur Blvd., Suite 150, Newport Beach, CA 92660, and is a registered California Professional Corporation.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred or had effects in this District and because Attorneys for the Plaintiff live and/or conduct business in this District.

## PARTIES

5. Defendants are informed and believe, and thereon allege, that Plaintiff, Attorneys for the Plaintiff and Plaintiff Law Firm is a California Professional Corporation which does business in Newport Beach, CA at 4667 MacArthur Blvd. and which primarily, if not solely, is involved in filing complaints alleging violations of the ADA and related state law claims. Defendants are informed and believe, and thereon allege, that the majority of Plaintiff Manning Law Firm's ADA filings have taken place in this judicial district.

## GENERAL ALLEGATIONS

### The Conspiracy

6. Defendants are informed and believe, and thereon allege, that Plaintiff, all Attorneys for the Plaintiff and Plaintiff Manning Law Firm named herein, including DOE Plaintiffs working for or with Plaintiff Manning Law Firm have formed a criminal enterprise by using the Americans with Disabilities Act, Title III ("ADA") to institute actions based on false allegations of disability, injury, and standing to collect quick settlements from California businesses and citizens.

7. Defendants are informed and believe, and thereon allege that each member of the criminal enterprise (as more fully described herein), helps to further the scheme to make money for all

involved in the conspiracy at the expense of California businesses and citizens, most of whom are small business owners and immigrants to this country and cannot afford legal representation.

8. Defendants are informed and believe, and thereon allege that for most businesses and business owners sued by Plaintiff, Attorneys for the Plaintiff and Plaintiff Manning Law Firm, it is cheaper to settle than to litigate the merits of the action.

9. Defendants are informed and believe, and thereon allege that knowing the propensity of small "mom-and-pop" establishments to settle cases early to avoid distraction to their business and costly litigation, Plaintiff, Attorneys for the Plaintiff and Plaintiff Manning Law Firm have perverted the purpose of the ADA and related state laws for their own greed and financial gain. Defendants further are informed and believe, and thereon allege that, in fact, the evidence will show that most of the businesses sued by Plaintiff, Attorneys for the Plaintiff and Plaintiff Manning Law Firm have not undertaken any improvements to their facilities to become ADA compliant.

10. Defendants are informed and believe, and thereon allege that the lawsuits initiated by the criminal enterprise lack merit, are frivolous and vexatious because of false assertions regarding allegations of disabilities, visits to establishments, encounter of barriers, and intent to return. Defendants are informed and believe, and thereon allege, without such false statements, Plaintiffs would be unable to prosecute any of the ADA cases they file because they would fail to plead standing sufficient to establish a right to a claim under the ADA and related state law.

11. Directly as a result of the criminal enterprise, Plaintiffs, and each of them, have caused damages to defendants.

12. Defendants are informed and believe, and thereon allege, that Plaintiffs have actively conspired, participated and joined in aiding and abetting a racketeering enterprise whose activities affect interstate commerce within the meaning of 18 U.S.C. §§ 1961 (1) (B), 1341 and 1343 (relating to

mail and wire fraud) and by operating, managing or otherwise being actively involved by aiding and abetting in the enterprise through a pattern of racketeering activities in conspiring schemes designed to defraud the public, and principally to defraud Defendants, all in violation of 18 U.S.C. § 1962 (c) and (d).

## The Criminal Enterprise

13. Plaintiffs Joseph R. Manning, Jr., Esq. (State Bar No. 223381); Michael J. Manning, Esq. (State Bar No. 286879); Craig G. Côté, Esq., and James Rutherford Lead the Criminal Enterprise.

14. Defendants are informed and believe, and thereon allege, that in or around 2009, Plaintiff Manning Law Firm, operated by Attorneys for Plaintiff, Plaintiffs Joseph R. Manning, Jr., Esq. (State Bar No. 223381); Michael J. Manning Esq. (State Bar No. 286879); Craig G. Côté, Esq., began suing California businesses and residents under the Americans with Disabilities Act and related state law for the purpose of extracting quick settlements.

15. Defendants are informed and believe, and thereon allege, that Plaintiff Manning Law Firm has been filing literally hundreds of disability related litigation including those on behalf of Plaintiff James Rutherford and others since approximately 2009.

16. Defendants are informed and believe, and thereon allege, that Plaintiffs prepare the majority of the pleadings (which contain falsities) to be filed in court, engage in telephonic and electronic meet-and-confer sessions with opposing counsel, prepare and submit false discovery responses, and prepare and submit correspondence containing falsities to defense counsel on behalf of the ADA clients of Plaintiff Manning Law Firm.

## The Fraudulent Scheme Involves the Filing of False ADA Claims

17. Defendants are informed and believe, and thereon allege, that when the conspiracy first began in approximately 2009, Attorneys for the Plaintiff advise potential plaintiffs that they will be given a finder's fee for every complaint that they agree to appear as named plaintiffs.

18. Defendants are informed and believe, and thereon allege, that Attorneys for the Plaintiff advise would-be ADA plaintiffs that they need not worry about actually experiencing any difficulty, discomfort or embarrassment at the establishments to be sued. Defendants are informed and believe, and thereon allege, that Attorneys for the Plaintiff tell would-be ADA plaintiffs that investigators working for Plaintiff Manning Law Firm will find violations at the business establishments to be sued.

19. Defendants are informed and believe, and thereon allege, that Attorneys for the Plaintiff visit the establishments to be sued prior to filing of a complaint to covertly gather information to be used in supplementing the ADA complaint (to be filed on behalf of a would-be ADA plaintiff) to include violations of the ADA that allegedly caused the would-be ADA plaintiff difficulty, discomfort, or embarrassment, even though such "difficulty, discomfort, or embarrassment" never occurred and was never experienced by the named ADA plaintiff.

20. Defendants are informed and believe, and thereon allege, that the Plaintiffs receive the information from the undercover investigation contained above and, based on such information, prepare the ADA complaints to be filed in federal court.

21. Defendants are informed and believe, and thereon allege, that Attorneys for the Plaintiff have full knowledge that the allegations referring to the ADA plaintiff's personally encountering barriers and experiencing "difficulty, discomfort or embarrassment" are false.

## FIRST CAUSE OF ACTION

### Racketeer Influenced and Corrupt Practices Act

**18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), 1964 (a) and (c), 1341 and 1343**

**As to all Plaintiffs**

22. Defendants are informed and believe, and thereon allege, that all named and DOE Plaintiffs have engaged in a pattern of fraud and deception by participating in the preparation, drafting, filing and prosecution of ADA lawsuits based on falsities in verified complaints in violation of the Racketeer Influenced and Corrupt Practices Act ("RICO").

23. Defendants are informed and believe, and thereon allege, that all named and DOE Plaintiffs have participated, and continue to participate, in a racketeering enterprise (the "Enterprise"), as defined in 18 U.S.C. § 1961 (4) by the forming of a "group of individuals associated-in-fact" to create schemes to defraud the public, and specifically to defraud Defendants as alleged herein.

24. Defendants are informed and believe, and thereon allege, that the racketeering Enterprise advanced and further promoted the Plaintiffs' wrongful acts and unlawful activities by unlawfully initiating, prosecuting and supporting false claims thereby deriving income directly or indirectly from a closed end pattern of criminal acts, constituting a racketeering activity.

25. Defendants are informed and believe, and thereon allege, that Plaintiffs knew, or should have known, of the closed end patterns of racketeering activities at the hands of those individuals involved in the association-in-fact enterprise, and with said knowledge accepted and received from the association-in-fact enterprise income derived from the closed-end criminal acts that formed a pattern of racketeering activities.

26. Defendants are informed and believe, and thereon allege, that Plaintiffs are operating and benefiting with the income derived directly or indirectly from closed-end criminal acts that formed a pattern of racketeering activities and continues in an open-ended pattern of carrying on with the specified unlawful activities which affect interstate commerce.

DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, PRAYER FOR RELIEF, AND 13
DEMAND FOR JURY TRIAL; COUNTERCLAIM FOR DECLARATORY RELIEF, INJUNCTION AND
DAMAGES PURSUANT TO THE RACKETEER INFLUENCED AND CORRUPT PRACTICES ACT

27. Defendants are informed and believe, and thereon allege, that the unlawful activities promoted and advanced by the group of individuals associated in fact constitute criminal acts or predicate acts that advanced a pattern of racketeering activities as defined, and in violation of 18 U.S.C. §§ 1341 and 1343 (relating to mail and wire fraud), as alleged herein, and by operating, managing or otherwise being actively involved by aiding and abetting in the enterprise through open-ended patterns of criminal acts which constitutes racketeering activities in conspiring schemes designed to defraud the public, and principally to defraud Defendants, all in violation of 18 U.S.C. § 1962 (c) and (d) as alleged herein.

28. Defendants are informed and believe, and thereon allege, that violation of 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), 1341 and 1343 continues to this day on an open-ended pattern of criminal acts by the actions of the Enterprise in using the U.S. Mail, telephone and internet services to transfer information that is fraudulent by means of a closed-end pattern of racketeering by Plaintiffs which constitutes an unlawful activity and an advancement of the racketeering Enterprise.

29. Defendants are informed and believe, and thereon allege, that commencing in approximately 2010 to the present, all named Plaintiffs devised a scheme or artifice to defraud the public, and principally, to defraud Defendants of money and property by means of false or fraudulent pretenses and representations.

30. Defendants are informed and believe, and thereon allege, that Plaintiffs, in their roles and involvement as alleged in this Complaint, periodically used the U.S. Mail to submit receipts, reports, signatures, verifications, declarations, complaints, discovery, correspondence, and other documents containing false information ("Sham Documents") related to the litigation being prosecuted. Defendants are informed and believe, and thereon allege, that the U.S. Mail was used

to submit the Sham Documents to each other, to all parties, to the Court, and to other members of the public in the course of litigating and prosecuting ADA cases.

31. Defendants are informed and believe, and thereon allege, that the contents of the Sham Documents contained false statements in violation of law. Defendants are informed and believe, and thereon allege, that the Sham Documents, at a minimum, included information that was used to falsely establish Plaintiff James Rutherford's visits to the facilities being sued, the existence and encounter of barriers, and intent to return in a sham effort to establish standing under the ADA.

32. Defendants are informed and believe, and thereon allege, that the false or fraudulent pretenses and representations were ultimately delivered to Defendant and the court through periodic documents or correspondence.

33. Defendants are informed and believe, and thereon allege, that Plaintiffs prepared the Sham Documents that contained the false pretenses and representations and submitted and delivered said Sham Documents to each other, Defendants, and the court by placing a true copy of the Sham Document in a sealed envelope addressed to one or more of Defendants, Plaintiff's counsel, and the court.

34. Defendants are informed and believe, and thereon allege, that Plaintiffs then placed the envelope(s) for collection and processing for mailing in their normal course of business in which Plaintiffs were familiar, the documents were then placed for collection and mailing and deposited in the ordinary course of business with the United States Postal Services, with postage fully prepaid. Defendants are informed and believe, and thereon allege, that Plaintiffs and each of them used the United States Postal Service to perpetrate their fraudulent schemes, all in violation of Title 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), and 1341.

35. Defendants are informed and believe, and thereon allege, that violation of 18 U.S.C. § 1341 for mail fraud continues to this day on an open-ended pattern of criminal acts by the actions of the Enterprise in using the U.S. Mail to transfer information that is fraudulent by means of a closed-end pattern of racketeering by Plaintiffs which constitutes an unlawful activity and an advancement of the racketeering Enterprise.

**Enterprise deprived Defendants of monies in violation of 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), 1964 (c), 1341, and 1343.**

36. The named and DOE Plaintiffs, and each of them, are each jointly and severally liable to Defendants for damages, costs and attorney's fees as alleged herein.

37. As a direct and proximate result of the actions of Plaintiffs and each of them, Defendants have been damaged (including general and consequential damages) in an amount to be determined at trial, which includes, but is not limited to, financial losses and damages incurred as a result of Plaintiffs' fraud.

38. As a further direct and proximate result of the actions of Plaintiffs and each of them per law, Defendants are entitled to triple damages for all harm caused to them.

39. As a further direct and proximate result of the actions of Plaintiffs and each of them, due to their willful, malicious, despicable, fraudulent and unlawful actions, Defendants request exemplary damages in the form of punitive damages in an amount according to proof at the time of trial.

40. As a further direct and proximate result of the actions of Plaintiffs' acts, Defendants are entitled to interest on all consequential and general damages at the legal rate of 10% per annum, until judgment is collected, should Defendant prevail in this immediate action.

41. As a further direct and proximate result of Plaintiffs' acts, Defendants are entitled to costs and reasonable attorney's fees according to proof at the time of trial for prosecuting this action.

42. And for that other and further relief the Court may deem just and proper.

## **PRAYER**

WHEREFORE Defendants seek judgment be entered in favor of Defendants and against Plaintiffs, and each of them, as follows:

1. Declaration that the conspiracy, and the conduct in furtherance of the conspiracy, between the Plaintiffs violate 18 U.S.C., § 1962 (c);

2. Declaration that the conspiracy, and the conduct in furtherance of the conspiracy, between the Plaintiffs violate 18 U.S.C., § 1962 (d);

3. Declaration that the conspiracy, and the conduct in furtherance of the conspiracy, between the Plaintiffs violate 18 U.S.C., § 1341;

4. Declaration that the conspiracy, and the conduct in furtherance of the conspiracy, between the Plaintiffs violate 18 U.S.C., § 1343;

5. Enjoining Plaintiffs, and each of them, pursuant to 18 U.S.C., § 1964 (a) from further violations of 18 U.S.C., § 1962 by issuing appropriate orders, including, but not limited to: (1) ordering divestment of any interest, direct or indirect, in any enterprise; (2) imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in; and (3) ordering dissolution or reorganization of any enterprise;

6. Defendants are entitled to general damages according to proof at trial;

7. Defendants are entitled to consequential damages according to proof at the time of trial;

8. Defendants are entitled to treble damages as provided in 18 U.S.C. § 1964 (c) in an amount to be proved at time of trial;

---

9. Defendants are entitled to damages in the form of interest at the legal rate of 10% interest per annum on all general and consequential damages according to proof at time of trial;

10. Defendants are entitled to costs and attorney's fees; and

11. Defendants are entitled to any other amounts which the Court deems proper and just.

DATED: November 27, 2018

KAMALEDDIN ABDOLRAHIMI

MARY VOSOUGHI

/s/ Kamaleddin Abdolrahimi
Kamaleddin Abdolrahimi
Mary Vosoughi
Co-owners of the Property
Pro se Defendants

---

**DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, PRAYER FOR RELIEF, AND  18
DEMAND FOR JURY TRIAL; COUNTERCLAIM FOR DECLARATORY RELIEF, INJUNCTION AND
DAMAGES PURSUANT TO THE RACKETEER INFLUENCED AND CORRUPT PRACTICES ACT**

**PROOF OF SERVICE**

1

2

3    I, Kamaleddin Abdolrahim (name), declare as follows. I am over the

4    age of 18 years. My address is:

5    1580 Crestview Rd

6    Redlands CA 92374

7    (909) 709 8889

8

9    On 11/30/18 (date), I served the foregoing document described

10   as:

11   Deffendant's Answer to complaint.

12   _____

13   _____

14

15   on all interested parties in this action by placing a true and correct copy thereof in a

16   sealed envelope, with first-class postage prepaid thereon, and deposited said

     envelope in the United States mail Anahim , addressed

17   to:                                          (place of mailing)

18   Graig G. Cote,

19   Manning Law APC        (name)        _____ (name)

20   4667 Mac Arthur Blv  Suite 150

                          (address)      _____ (address)

21   New Port Beach CA  92660

                          (address)      _____ (address)

22

23   I declare under penalty of perjury that the foregoing is true and correct.

24

25   Executed on 11/30/18 at Santa Ana .

                  (date)        (place of signing)

26

27                        _____ (signature)

28   K. Abdolrahim (name)


_____

*Page Number*